**In re FREEDLANDER, INC., THE MORTGAGE PEOPLE, et al., Debtor.**

**Bankruptcy No. 88–00794–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

May 10, 1988.

George B. Little, Little, Parsley & Cluverius, P.C., Richmond, Va., Peter Wolfson, Myerson & Kuhn, New York City, for debtor.

Harold S. Novikoff, Watchell, Lipton, Rosen & Katz, New York City, for NCNB Nat. Bank of North Carolina.

Stanley J. Samorzjczyk, Hazel, Thomas, Fiske, Beckhorn & Hanes, P.C., Fairfax, Va., for Federal Nat. Mortg. Ass'n.

John G. Douglass, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Va., for First Jersey Sav. & Loan.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes on as a hearing on the motion of Freedlander, Inc., The Mortgage People, *et al.* ("debtor") to expedite a hearing on its Motion to Borrow Funds and to Enter Into a Management Agreement in Connection Therewith. Telephonic notice was given by the debtor to those parties who had filed motions for the appointment of a Trustee and to the U.S. Trustee. Concomitantly with this hearing the Court heard the motion of the debtor to continue the hearing on the motions for the appointment of a trustee.

## STATEMENT OF THE CASE

On April 12, 1988 the debtor filed its petitions with this Court pursuant to Chapter 11 of the Bankruptcy Code. (11 U.S.C. § 101 *et seq.*) Between April 12, 1988 and April 18, 1988 First Jersey Savings and Loan Association, Frank Grossman, Allen B. Schwartz, D.D.S. *et al.*, E. Dianne Gagnon, *et al.*, Federal National Mortgage Association (also requesting the case be converted to Chapter 7), NCNB National Bank of North Carolina filed motions for the appointment of a trustee. In open court on April 20, 1988 and upon the consent of all moving parties and in accommodation of the request of the debtor, the hearing for appointment of a trustee was scheduled for May 16, 1988. Based on the subsequent request of the debtor, a hearing was held on April 28, 1988 on its motion for an order shortening time for responding to discovery. As the result of that hearing, a Pretrial Order was entered on May 4, 1988 setting up a procedure to allow for expedited discovery.

On May 5, 1988, the debtor filed a motion for an order authorizing the debtor to (a) borrow funds pursuant to 11 U.S.C. § 364(c)(1) and (2), and (b) enter into a management agreement in connection therewith. Along with that motion, the debtor also noticed a hearing for May 9, 1988 at 2:00 p.m. on its motion for an expedited hearing on debtor's motion for a continuance of the hearing on the motions for appointment of a trustee and a motion for an order granting the continuance. Although not scheduled on the Court's docket, the Court had also agreed to hear the debtor's motion for an expedited hearing on the requests for the substitution of management and authority to borrow funds.

## CONCLUSIONS OF LAW

The first matter to be addressed concerns the debtor's request for an expedited hearing for substitution of management. As cause for an expedited hearing, the debtor cites that such a hearing is necessary prior to the May 16 hearing for appointment of a trustee since substitution of management would make the hearing on appointment of a trustee moot and any preparation for such a hearing may needlessly deplete the debtor's funds. This Court in assessing the arguments by both sides on this matter, however, is unable to find that the motion for appointment of a trustee would be moot if this Court were to find that a substitution of management was proper.

11 U.S.C. § 1104(a) directs the Court to order the appointment of a trustee if:

> [a]t any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilites of the debtor....

The allegations in the motions for appointment of a trustee relate only to prepetition conduct of the debtor's officers, directors

and stockholders and no specific allegations have been made as to post-petition conduct of management.

A review of case authority allowing the substitution of management as an alternative to proceeding with a hearing on the appointment of a trustee reflects that such an alternative is only available when there is a consensus to such a course of action. *In re Gaslight Club, Inc.*, 782 F.2d 767 (7th Cir.1986); *In re Boileau*, 736 F.2d 503, 505 (9th Cir.1984). In *In re Gaslight Club, Inc.*, the Court of Appeals stated that because of the consent of the former president to his being replaced as the party in control of the debtor-in-possession, and as a result of the bankruptcy court's subsequent approval of this action, "there was no need in this case to appoint a trustee." *In re Gaslight Club, Inc.*, 782 F.2d at 771. When the former president of Gaslight continued to argue that the bankruptcy court's designation of another individual as "person in control" improperly avoided the statutory requirements for the appointment of a trustee, the Circuit Court stated:

> [w]e would certainly question recourse to the present procedure as a means generally to avoid appointment of a trustee. But we think the peculiar circumstances of the case before us as well as the consent on all sides to the procedure followed make this case different. The appointment of Brandt was appropriate to the circumstances and authorized by law.

*In re Gaslight Club, Inc.*, 782 F.2d at 772.

■ In the matter currently before the Court there is no consensus among the parties to the substitution of the management of the debtor in lieu of going forward with the hearing on the appointment of a trustee. In fact, without actually determining the validity of a motion for substitution of management in this case, the lack of consensus among the creditors and claimants to the debtor's proposal would raise significant questions concerning the possibility of a conflict of interest existing with new management arising out of their intent to eventually purchase the debtor, as well as, the fact that new management would be taking back a lien on unencumbered assets of the debtor and a super priority on unencumbered assets of the debtor in return for monies they would lend the debtor.

If this Court were to accede to the debtor's contentions that a substitution of management would make the hearing on the appointment of a trustee moot without all interested parties having agreed to such a course of action, this Court would be circumventing 11 U.S.C. § 1104. The Court is obligated by the terms of § 1104(a) to order the appointment of a trustee if the section is violated and to allow a circumvention of that responsibility by a ploy such as is proposed here would be an abdication of the Court's duty. Such a procedure as is proposed by the debtor would lead to a most anomalous situation where everytime a motion to appoint a trustee arose, current management could arrange to be replaced by one of its own choosing in order to avoid the possibility of a trustee being appointed. Therefore, this Court must find that since a hearing on the appointment of a trustee had been scheduled prior to the debtor's motion for substitution of management, the motions for appointment of a trustee must be heard first and the debtor's request for an expedited hearing must be denied.

■ Another concern of this Court regarding the debtor's request for an expedited hearing on their substitution of management involves the insufficient amount of time the parties would have to prepare for such a motion. It was not until Thursday, May 5, 1988 that notice of the possibility of a hearing to be held on Friday, May 13, 1988 was sent out. At the same time that the debtors were proposing a substitution of management hearing, a pretrial order prescribing a rapid discovery pace that would meet the May 16, 1988 hearing date for an appointment of a trustee had just been entered on May 4, 1988. In light of the intensive preparation time needed by all parties to prepare for the previously scheduled hearing on the appointment of a trustee, and considering this Court's adversion to granting continuances

when all parties have been apprised of the upcoming litigation well in advance, this Court must find that sufficient cause to expedite a hearing to a date prior to the hearing on the trustee motion does not exist.

In response to the debtor's argument that the hearing on the appointment of a trustee would be unnecessary if the motion to substitute management were heard and the request allowed, it must be answered that even apart from this Court's above stated misgivings concerning the impropriety of such a course, this Court feels that the need to determine whether the estate must be safeguarded by the appointment of a trustee is too important to have it delayed by the possibility that the debtor's motion to substitute management might fail. In addition the fact that the debtor on May 6, 1988 informed the Court and the movants that it would not defend against a motion to appoint a trustee and that it would convert to a Chapter 7 if such a hearing were to be held does not change the fact that a hearing is still scheduled for May 16. Until the debtor converts to a Chapter 7 or until the movants agree to withdraw their motions, the debtor's assertions do not obviate the need for the movants to proceed with their preparation for trial. Accordingly, it must be found that even if current law does not prevent this Court from hearing the substitution of management motion prior to the motion requesting appointment of a trustee, sufficient notice to allow the parties to prepare for an expedited hearing has not been given and the debtor's request must still be denied. Because the debtor's request for an expedited hearing allowing it to borrow funds is integrally related to their expedited hearing request for substitution of management, such a request is also denied.

With regard to the debtor's request for a continuance of the hearing on the motion for appointment of a trustee, as previously stated, this Court given the alleged urgency of the situation finds that sufficient time has been given for all parties to timely raise any collateral issues and to adequately prepare for the hearing scheduled for May 16, 1988. The motions to appoint a trustee were first filed with this Court April 18, nearly 30 days prior to the hearing date. The hearing dates were originally set in open court on April 20, 1988 when all moving parties and the debtor were present and in agreement. In accommodating the debtor's request, the movants withdrew their request for a more expediant hearing date and agreed to the approximately two week extension proposed by the debtor. Notice of the hearing was then certified as having been served the next day, April 21, 1988. Given this time frame the debtor's have had 24 days from the noticing and 27 days from the filing of the motions to prepare for the hearing and any insufficiency of time the debtor may be experiencing can only be attributed to their own actions regarding their substitution of management request as well as their statements that they would not defend against the upcoming litigation. As a result, the debtor's request for a continuance of the May 16 hearing must be denied.

Accordingly, for the reasons stated above, judgment must be entered against the debtor in these matters.

An appropriate Order will issue.